UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DC PREP PUBLIC CHARTER SCHOOL   :
                :
2330 Pomeroy Road, SE       :
Washington, DC 20020        :
                :
  Plaintiff,         :   Civil Action No. 25-CV-806
                :
  v.           :
                :
ALISA JACKSON-GRAY,      :
as parent and next friend of the minor child,  :
A.T.              :
                :
4234 Edson Place NE, Unit #4    :
Washington, DC 20019        :
                :
  Defendant.        :

## COMPLAINT

1. Plaintiff brings this Complaint seeking relief from an adverse decision regarding the provision of a free appropriate public education ("FAPE") pursuant to the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq*.  A true and correct copy of the adverse decision is attached hereto as Exhibits 1 and 2.  DC Prep Public Charter School ("DC Prep") is an aggrieved party as a result of the adverse decision and is entitled to appeal and to seek review by this Court.

### JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 and pendant jurisdiction pursuant to 5 D.C. Mun. Regs. §§ 3000 *et seq*.  Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

## PARTIES

3.    Plaintiff is a District of Columbia public charter school which has elected to be its
      own local education agency ("LEA") under IDEA for special education purposes.

4.    Defendant is the parent of the minor child, A.T., and she resided in the District of
      Columbia during the time of the underlying administrative proceedings.

## FACTUAL ALLEGATIONS

5.    A.T. is an eleven-year-old student who was enrolled at DC Prep beginning in the
      2018-2019 school year.

6.    Prior to her enrollment at DC Prep, A.T. was evaluated for special education
      eligibility by the District of Columbia Public Schools ("DCPS"). Based on that
      evaluation, DCPS determined that A.T. did not have a disability and did not qualify
      for special education services.

7.    Throughout the evaluation process completed by DCPS, Defendant was notified of
      her rights and procedural safeguards under the IDEA.

8.    Early in the 2018-2019 school year, Defendant requested that DC Prep evaluate A.T.
      for special education eligibility. Defendant appeared to be very educated about the
      evaluation process at the time of her request.

9.    As a result of her request for another evaluation, DC Prep notified Defendant of her
      rights and procedural safeguards under the IDEA.

10.   In the fall of 2018, DC Prep comprehensively evaluated A.T., and the team
      unanimously agreed that she did not meet criteria for special education eligibility.
      Defendant expressed agreement with the decision during the eligibility meeting,

stating that she requested the evaluation to make sure nothing was missed and that she did not have concerns about A.T.'s academics.

11.      A.T. was in pre-K4 for the 2018-2019 school year. During that year, A.T. had 12 absences, 28 early dismissals, and 16 tardies. A.T.'s report cards noted growth in all areas, where she met or exceeded grade level expectations. Defendant did not have concerns about A.T. during the 2018-2029 school year.

12.      A.T. was in kindergarten for the 2019-2020 school year. In March 2020, all schools in the District of Columbia were closed due to the COVID-19 pandemic. As a result, DC Prep suddenly shifted to remote learning for the remainder of the school year. Of the 98 days that DC Prep was open during the 2019-2020 school year, A.T. had 11 tardies, 10 early dismissals and 3 absences.

13.      During the 2019-2020 school year, A.T.'s report cards noted growth and indicated that she met or exceeded her end-of-year math and literacy goals. Standardized testing revealed that A.T. was performing in the 58th-66th percentile in reading and in the 46th-51st percentile in math.

14.      A.T. was in first grade for the 2020-2021 school year. DC Prep remained closed, providing remote learning to students, for the entire school year. A.T. had 37 absences from remote learning but nevertheless completed the school year successfully. Students were unable to participate in standardized testing during the 2020-2021 school year due to remote learning.

15.      A.T. was in second grade during the 2021-2022 school year. During the 2021-2022 school year, A.T. had 22 tardies and 20 absences.

16.    DC Prep was able to return to in-person learning at the start of the 2021-2022 school year, which was a difficult transition for many students. On average, students struggled to get back into classroom routines and experienced some decline and/or lack of progress on standardized assessments.

17.    At the start of the 2021-2022 school year, A.T. exhibited some age-appropriate, typical difficulties with self-management, attention and time-on-task, which improved over the course of the year.

18.    A.T.'s reading level had dropped below expectations following remote learning, but she demonstrated demonstrable progress after the return to in-person learning. A.T.'s reading level grew from C to I between the start of the 2021-2022 and 2022-2023 school years and she made progress on other standardized measures as well.

19.    A.T. continued to meet expectations and show growth in math during the 2021-2022 school year..

20.    A.T.'s experience and performance upon the return to school after remote learning was typical and not a reason to suspect that she had a disability.

21.    A.T. was in the third grade during the 2022-2023 school year. That year, she had 18 tardies, 3 early dismissals, and 18 absences.

22.    During the 2022-2023 school year, DC Prep provided A.T. with individualized interventions for math and reading to further support her progress. As a result, A.T. continued to make demonstrable progress in reading, meet grade level expectations in math, and progress behaviorally.

23.    Again, A.T. progressed six reading levels between the start of the 2022-2023 and 2023-2024 school years, as well as to show progress on other standardized assessments for both reading and math.

24.    At the end of the 2022-2023 school year, A.T. took the state-wide standardized assessment administered to all District of Columbia students. In English Language Arts ("ELA"), A.T. performed better than 40% of third-grade students at her specific DC Prep campus, performed better than 38% of third-grade students at all DC Prep campuses, and performed better than 37% of all third-grade students in the District of Columbia. In math, A.T. performed better than 34% of third-grade students at her specific DC Prep campus, performed better than 32% of third-grade students at all DC Prep campuses, and performed better than 36% of all third-grade students in the District of Columbia. These results are not indicative of a suspected disability or need for special education.

25.    A.T. was in the fourth grade for the 2023-2024 school year. During the 2023-2024 school year, A.T. had 27 tardies and 8 absences.

26.    A.T began to demonstrate more struggles academically and behaviorally during the 2023-2024 school year, with her academic progress stagnating and her behavior increasing in January 2024.

27.    On February 7, 2024, Defendant requested an evaluation for special education, which DC Prep agreed was warranted. DC Prep evaluated A.T., and she was found eligible for special education on April 29, 2024.

28.    An initial IEP was developed and unanimously agreed to on May 29, 2024.

29.    Between the spring of 2022 and the fall of 2024, A.T. made progress commensurate with her peers in math. During that same time, A.T. made progress commensurate with her peers on some measures of reading and made progress at a slightly slower rate than her peers on other measures. Overall, A.T. made demonstrable progress in both reading and math.

30.    On July 19, 2024, Defendant filed a due process complaint against DC Prep alleging that DC Prep denied A.T. a free appropriate public education ("FAPE") by failing to evaluate her for special education between the 2019-2020 school year and May 2024.

31.    A due process hearing was held on November 12, 13 and 15, 2024. The burden of persuasion rested with Defendant.

32.    Defendant called three expert witnesses to testify on her behalf. All three had differing opinions as to when A.T. should have been evaluated for special education, none of which were supported by the evidence. None of Defendant's witnesses could articulate responsive and cogent explanations for their opinions, and their testimony often contradicted the evidence in the record.

33.    DC Prep called one expert witness to testify on its behalf. DC Prep's expert was the only expert who could articulate a responsive and cogent explanation for her opinion and support it with the evidence in the record.

34.    Defendant did not meet her burden of persuasion on her claim against DC Prep.

35.    Nevertheless, on November 29, 2024, Hearing Officer Peter Vaden issued an Interim Decision and Order ("Interim HOD"), Exhibit 1, erroneously concluding that Defendant had met her burden persuasion that by Spring 2022 there were "sufficient indicators to indicate that the Student may have had a disability and may have

required special education services." He also erroneously concluded, therefore, that DC Prep violated its child find obligation by not evaluating the student by the end of the 2021-2022 school year.

36.     The hearing officer did not apply the correct legal standard when reaching these erroneous conclusions. Defendant did not meet her burden of proving that DC Prep overlooked clear signs of disability and were negligent in failing to order testing, or that there was no rational justification for not deciding to evaluate.

37.     The hearing officer's decision was largely based on what he perceived to be a decline in A.T.'s standardized test results upon return to in-person learning. The hearing officer disregarded the demonstrable progress that A.T. made on those assessments during the 2021-2022 and 2022-2023 school years. The hearing officer also disregarded the fact that A.T.'s performance upon return to in-person learning in the 2021-2022 school year was typical and age-appropriate under the circumstances.

38.     Despite finding DC Prep's expert witness more persuasive than Defendant's experts, the hearing officer did not even consider, let alone give DC Prep's expert's cogent and responsive explanations any deference. DC Prep's expert provided credible and convincing testimony as to why DC Prep did not have reason to suspect a disability and need for special education during the 2021-2022 and 2022-2023 school years. The hearing officer erred when he ignored this evidence.

39.     The hearing officer further erred when he concluded that if the student had been evaluated by the end of the 2021-2022 school year, she would have qualified for special education and required an IEP comparable to the IEP that was developed in May 2024.

40. The evidence shows that A.T. made appropriate and demonstrable progress during the 2021-2022 and 2022-2023 school years without special education services. This progress does not suggest that A.T. would have required special education during that time.

41. A.T.'s progress during the 2021-2022 and 2022-2023 school year also not suggest that she would have required the same level of support at the end of the 2021-2022 school year as she did when the IEP was written in May 2024, after her progress had stalled.

42. After erroneously concluding that DC Prep had denied A.T. FAPE, the hearing officer was not able to craft a compensatory education award because Defendant had failed to present sufficient evidence to support her claim for relief. As such, the hearing officer gave the parties additional time to submit evidence on the issue of compensatory education relief.

43. DC Prep submitted a proposal from its expert which was thorough, data-driven, and comported with the standard required in the District of Columbia.

44. Defendant submitted a proposal from one of its experts which was not thorough or data-driven and did not comport with the standard required in the District of Columbia.

45. On December 22, 2024, the hearing officer issued a final Hearing Officer Determination ("Final HOD"), Exhibit 2, awarding Defendant with 775 hours of tutoring. The Final HOD was made in error.

46. Defendant had the burden of persuasion with respect to compensatory education. Despite DC Prep's expert's proposal being more persuasive, the hearing officer

disregarded it based on the erroneous conclusion that it did not address what progress

the student would have made with an IEP in place. This criticism is misplaced

because the proposal was specifically based on what would have been appropriate

progress for the student.

47.   The hearing officer also found fault with Defendant's expert's proposal concluding

that it did not include a projection of appropriate progress. However, rather than

disregard this proposal like he had DC Prep's proposal, the hearing officer adopted

Defendant's expert's proposal stating that perfection was not required. As a result, the

hearing officer erroneously placed the burden of proof with respect to compensatory

education relief on DC Prep when it legally rested with Defendant. This mistake

constitutes an obvious legal error.

## COUNT 1

DC Prep appeals the Interim HOD and Final HOD repeating and realleging the

allegations in paragraphs 1 through 47, on the following primary grounds:

48.   The hearing officer erred in several respects.

49.   The hearing officer erroneously concluded that Defendant met her burden of

persuasion.

50.   The hearing officer did not give due weight to DC Prep's expert witness who was due

deference.

51.   The hearing officer ignored the cogent and responsive explanations provided by DC

Prep's expert witness.

52.   The hearing officer gave too much weight to Defendant's witnesses despite a lack of credibility, inconsistencies in their testimony, and a lack of support from the evidence, among other things.

53.   The hearing officer did not give due weight to DC Prep's documentary evidence.

54.   The hearing officer inaccurately characterized the evidence.

55.   Many of the hearing officer's conclusions were not supported by the evidence.

56.   The hearing officer applied incorrect legal standards in reaching his conclusions.

57.   The hearing officer incorrectly determined that DC Prep violated its child find obligation.

58.   The hearing officer incorrectly concluded that the student should have been eligible for special education at the end of the 2021-2022 school year.

59.   The hearing officer incorrectly assumed that the special education services required by the student at the end of the 2021-2022 school year would have been the same as the services required at the end of the 2023-2024 school year.

60.   The hearing officer erroneously shifted the burden of proof with respect to compensatory education relief to DC Prep.

61.   The hearing officer erroneously awarded compensatory education.

62.   The hearing officer erroneously concluded that 775 hours of tutoring was necessary to compensate the student for the denial of FAPE found.

63.   The hearing officer erred in awarding compensatory education where Defendant did not meet her burden of proving an entitlement to compensatory education pursuant to the standard established in the District of Columbia.

10

WHEREFORE, Plaintiff respectfully requests this Court to:

1.      Issue a Judgment for Plaintiff and against Defendant on all aforementioned counts;

2.      Order that the Interim HOD and Final HOD be reversed, dismissing all claims that

        were raised in the underlying due process complaints with prejudice; and

3.      Grant such other and further relief as the Court deems just and proper.

                                        Respectfully submitted,


                                        _____/s/_____*Lauren E. Baum*_____
                                        Lauren E. Baum, Esq.
                                        D.C. Bar No. 989351
                                        Law Office of Lauren E. Baum, PC
                                        240 W Main St
                                        Suite 100 - V32
                                        Charlottesville, VA 22902
                                        202-450-1396
                                        l.baum@laurenebaumlaw.com